```
               IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS
```

**ANTONIO J. ARMSTRONG,**

                     **Plaintiff,**

      v.                                            CASE NO. 08-3187-SAC

**SHAWNEE COUNTY JAIL, et al.,**

                     **Defendants.**

**O R D E R**

This matter is before the court on a complaint filed under 42 U.S.C. § 1983. Plaintiff is a pretrial detainee confined in the Shawnee County jail in Topeka, Kansas. He proceeds pro se in this matter, and seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915.

*Motion for Leave to Proceed In Forma Pauperis*

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full $350.00 filing fee in this civil action. If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2). Because any funds advanced to the court by plaintiff or on his behalf must first be applied to plaintiff's outstanding fee obligation,[1] the court grants plaintiff

---

[1] *See* <u>Armstrong v. Shawnee Co. Jail</u>, Case No. 08-3185-SAC ($350.00 district court filing fee).

leave to proceed in forma pauperis in the instant matter without payment of an initial partial filing fee. Once this prior fee obligations have been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).

*Screening under 28 U.S.C. § 1915A*

Because plaintiff is a prisoner as defined by 28 U.S.C. § 1915(h),[2] the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

In this action, plaintiff seeks damages on allegations that he was assaulted by another prisoner in January 2008 while he was being transported by an officer to visitation. The other prisoner being transported by a second officer got out of his cuffs and hit plaintiff on the back of the head several times. The defendants named in the complaint are the Shawnee County Jail, and two Shawnee correctional officers (Jones and Charles) who were transporting plaintiff and the assaultive prisoner.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was

---

[2] 28 U.S.C. § 1915(h) defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentence for, or adjudicated delinquent for violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

It is recognized that prison officials are constitutionally required to protect prisoners from violence at the hands of other prisoners, but prison officials are not expected to prevent every injury suffered by one prisoner at the hands of another.[3] Farmer v. Brennan, 511 U.S. 825, 833-34 (1994).  A showing of deliberate indifference to the protection of a prisoner's life is required to state an actionable constitutional claim. Rider v. Werholtz, 548 F. Supp. 2d 1188, 1195 (D. Kan. 2008).  "Deliberate indifference" requires both an objective showing of harm sufficiently serious enough to implicate the Eighth Amendment, Verdecia v. Adams, 327 F.3d 1171, 1175 (10th Cir. 2003), and a subjective showing that prison officials knew of disregarded an excessive risk to a prisoner's health or safety, Farmer, 511 U.S. at 837.  More than simple or heightened negligence must be demonstrated. Verdecia, 327 F.3d at 1175.

In the present case, even if it were assumed plaintiff's injuries were objectively sufficient to give rise to a constitutional claim, the necessary subjective component is not satisfied on the face of the complaint.  Plaintiff alleges no facts suggesting the transporting officers were aware the assaultive

---

[3] Because plaintiff is a pretrial detainee, his excessive force claim arises under the Due Process Clause of the Fourteenth Amendment. The Tenth Circuit analyzes excessive force claims by pretrial detainees under the Eight Amendment standard. *See, e.g.*, Parsons v. Board of County Comm'rs of Marshall County, Kan. , 873 F.Supp. 542 (10th Cir. 1994)(irrelevant whether plaintiff was pretrial detainee or convicted prisoner because plaintiff afforded no greater rights under Due Process Clause).

3

prisoner was able to get out of his cuffs, and that if he did so, an attack on plaintiff was likely. *See* Farmer, 511 U.S. at 843 (deliberate indifference involves a showing of an obvious, substantial risk to a prisoner's safety). Accordingly, the court finds defendants Jones and Charles are subject to being summarily dismissed because plaintiff's allegations are insufficient to state an actionable claim upon which relief can be granted under 42 U.S.C. § 1983.

Also, the Shawnee County Jail is subject to being summarily dismissed as a defendant because the facility itself is not a proper defendant because it is not an entity that can sue or be sued. *See e.g.*, Marsden v. Federal Bureau of Prisons, 856 F.Supp. 832, 836 (S.D.N.Y. 1994)("jail is not an entity that is amenable to suit").

*Notice and Show Cause Order to Plaintiff*

Accordingly, for the reasons stated herein, the court directs plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted"). The failure to file a timely response may result in the complaint being dismissed for the reasons stated by the court, and without further prior notice to plaintiff.[4]

---

[4] Plaintiff is advised that dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) will count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of

Plaintiff's motion for appointment of counsel is denied without prejudice. Plaintiff has no right to the assistance of counsel in this civil action. Durre v. Dempsey, 869 F.2d 543, 647 (10th Cir. 1989). Having reviewed petitioner's claims, his ability to present said claims, and the complexity of the legal issues involved, the court finds the appointment of counsel in this matter is not warranted. *See* Long v. Shillinger, 927 F.2d 525, 526-27 (10th Cir. 1991)(factors to be considered in deciding motion for appointment of counsel).

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, and that collection of the $350.00 district court filing fee is to proceed as authorized by 28 U.S.C. § 1915(b)(2) once plaintiff's prior fee obligation in this court is fully satisfied.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Doc. 3) is denied without prejudice.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED: This 29th day of October 2008 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."